UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DIANA LITTLE, | ) |
| | ) |
| Plaintiff, | ) No. 7:19-CV-114-REW-EBA |
| | ) |
| v. | ) |
| | ) OPINION & ORDER |
| TIFFANY BUTLER, et al., | ) |
| | |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

## I.  BACKGROUND

On August 31, 2018, Plaintiff Little was involved in a two-vehicle accident in Pike County. DE 1-1 (Complaint) ¶ 5; DE 5-2 (Kentucky Uniform Police Traffic Collision Report). At the time of the accident, the truck Little was driving was covered by a policy through Defendant GEICO General Insurance Company. *See* DE 1-1 ¶ 10; DE 5-2 at 4; DE 5-3 (Declarations Page). The collision allegedly injured Little and caused "minor/mod[erate]" damage to her truck. *See* DE 5-2 at 1, 4.

Little's policy included a $10,000 Personal Injury Protection benefit, which Little exhausted after GEICO General paid most of her medical bills. *See* DE 5-1 at 2; DE 5-4. According to a letter sent by Little's counsel, the other driver's insurer, State Auto Insurance Company, tendered policy limits to Little. *See* DE 5-5. Little then demanded from GEICO General her "policy limits from underinsured coverage." *See id.* Little's "stacked" total underinsured coverage was $75,000 per person, up to $150,000 per accident.[1] *See* DE 5-1 at 2; DE 5-3 at 2. Claim

---

[1] GEICO General's latest motion to dismiss states that the "stacked coverage" totaled $100,000. *See* DE 16-1 at 2.

1

representative Tiffany Butler evaluated Little's claim and made an offer, which Little's counsel rejected. *See* DE 5-1 at 3.

Little then filed suit in Pike Circuit Court, alleging that Butler and GEICO Insurance Agency, Inc.,[2] by failing "to adjust claims fairly and promptly and to make a reasonable effort to settle claims," had breached their duty of good faith and fair dealing and violated KRS 304.12-230, Kentucky's Unfair Claims Settlement Practices Act (UCSPA). *See* DE 1-1 ¶ 11. Little further alleged that Butler and GEICO's conduct was "willful and/or intentional." *See id.* ¶ 12. GEICO General (an entity not named in the Complaint) timely removed the action, invoking the Court's diversity jurisdiction. DE 1. There is complete diversity between the parties: Little is a Kentucky citizen, Butler is a Georgia citizen, and GEICO is a Maryland citizen. *See* DE 1 ¶¶ 6, 18; DE 1-1 ¶ 1. Defendants have likewise shown the requisite amount in controversy. *See* DE 1 ¶¶ 12–14.

Upon removal, GEICO General sought Rule 12 dismissal on three grounds: the Court lacked personal jurisdiction because Little had not joined the proper entity defendant (GEICO General); an individual adjuster (here, Butler) has no potential liability under Kentucky's Unfair Claims Settlement Act; and the complaint's allegations failed to state a claim against GEICO General. DE 5. Little opposed the motion, and GEICO General replied in support. DE 11; DE 12.

The Court then observed that GEICO General was not a party at the time of removal (or, indeed, at any yet point) and ordered the entity to show cause why the case should not be remanded for lack of jurisdiction. DE 13. The Court further denied the dismissal motion without prejudice. *Id.* GEICO General responded with a variety of arguments against remand and specifically waived its personal jurisdiction objection. DE 14. After concluding that the exercise of removal jurisdiction was proper, the Court discharged the show-cause order and retained the case. *Id.* The

---

[2] As explained below, this entity is distinct from the now-joined Defendant GEICO General.

Court further substituted GEICO General for GEICO Insurance Agency, Inc; the latter entity had no role in the subject car insurance policy. *Id.*

GEICO General has now renewed its motion to dismiss on the same bases as the earlier motion (less the now-waived personal jurisdiction argument). *See* DE 16; DE 16-1. The Court ordered abbreviated briefing, with the response and reply due May 14, 2020, and May 21, 2020, respectively. DE 17. Little failed to file a response, and Defendants declined to reply.

## II. STANDARD

### A. Rule 12 Dismissal

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. at 1965. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986). The Court evaluates and tests the well-pleaded Complaint contents. *Peterson v. Ostrander*, No. 17-2160, 2018 WL 4739692, at *2 (6th Cir. Apr. 6, 2018) ("[T]he court must confine its analysis to the pleadings and accept all well-pleaded allegations as true.").

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Where plaintiffs state "simply, concisely, and directly events that . . .

entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

The Federal Rules of Civil Procedure apply to removed actions. Fed. R. Civ. P. 81(c). Accordingly, "federal pleading requirements under Rule 8 and the *Twombly-Iqbal* standard apply to removed complaints, even where the state pleading standard is more lenient." *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015); *see Armstrong v. Shirvell*, 596 F. App'x 433, 444 (6th Cir. 2015) ("In diversity cases, including those removed from state court, the federal pleading standards apply."). That is, although the more lenient notice pleading requirements apply in Kentucky courts, *see Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844–45 (Ky. 2005), complaints in removed actions must cross the higher *Twombly-Iqbal* threshold.

### III. ANALYSIS

#### A. Failure to State a Claim

Defendants' Rule 12(b)(6) argument is two-pronged: as to Butler and GEICO General, Little failed to plead bad faith with sufficient particularity or factual support; as to Butler, Kentucky law does not permit adjuster liability for an alleged violation of the UCSPA. *See* DE 16 at 1.

"The [Kentucky UCSPA] comprehensively defines misleading insurance investigative practices and prohibits insurers from engaging in certain activities in the course of settling claims." *Hollaway v. Direct Gen. Ins. Co. of Miss.*, 497 S.W.3d 733, 737 (Ky. 2016). The statute "requires insurers to negotiate reasonably with respect to claims." *Id.* at 739. Prohibited activities include "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information" and "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." *See* KRS 304.12-230(4),

(6). However, "[a]n insurer may 'challenge a claim and litigate it if the claim is debatable on the law or the facts' without running afoul of the UCSPA." *Nationwide Mut. Fire Ins. Co. v. Castle*, No. 13–25–ART, 2013 WL 5503056, at *4 (E.D. Ky. Oct. 2, 2013).

> To prevail on a bad-faith claim, an insured must prove the following elements:
>
> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (internal quotation omitted). "Proof of this third element requires evidence that the insurer's conduct was outrageous, or because of his reckless indifference to the rights of others." *Hollaway*, 497 S.W.3d at 738; *Wittmer*, 864 S.W.2d at 890 ("Before the cause of action exists in the first place, there must be evidence sufficient to warrant punitive damages[.]"). That is so because "[t]he tort of bad faith is non-existent under [Kentucky] law, unless the underlying conduct is sufficient to warrant punitive damages." *Hollaway*, 497 S.W.3d at 739.

Here, dismissal is warranted because Little has not plausibly alleged a violation of the UCSPA, as to Butler or GEICO General. The complaint's factual allegations are reedy; the complaint identifies only the insured (Little), and the policy number, and the relevant insured event (the August 31, 2018, collision). *See* DE 1-1 ¶ 10. Little does not identify the underlying disputed claim, much less explain what led to the (apparent, but unstated) denial or describe any relevant communications with her insurer. Moreover, the complaint does not allege or support that GEICO General was obligated to pay Little's (unspecified) claim under the policy, that GEICO General lacked a reasonable basis to deny the claim, or that GEICO General knew or acted with reckless disregard as to the lack of such basis. *See Wittmer*, 864 S.W.2d at 890 (outlining claim elements). Furthermore, the complaint does not suggest that GEICO General's "conduct was outrageous, or

5

because of [its] reckless indifference to the rights of others." *See Hollaway*, 497 S.W.3d at 738 (explaining required showing for third element).

Little neither acknowledges claim elements nor provides facts to inferentially support them. Instead, the complaint consists primarily of bare legal conclusions: that Defendants breached their duty of good faith and fair dealing and that they acted in bad faith, willfully, and intentionally. *See* DE 1-1 ¶¶ 11–12. Under *Twombly-Iqbal*, such canned legal intonations are not enough. "While the complaint need not contain 'detailed factual allegations,' it must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Boxill v. O'Grady*, 935 F.3d 510, 517 (6th Cir. 2019) (quoting *Iqbal*, 129 S. Ct. at 1949). And, "the general rule that the court must accept as true all allegations in the complaint 'is inapplicable to legal conclusions.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). As in *Castle*, Little has "raised nothing more than a mere possibility of misconduct," and her claims are "wholly unsupported by well-pled factual allegations." *See Castle*, 2013 WL 5503056, at *4–5. Defendants are entitled to dismissal.

### 1. Adjuster Liability

The scope of the UCSPA has been subject to debate, as its prohibitions textually apply to "any person." *See* KRS § 304.12-230; *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 95 (Ky. 2000) (holding that the UCSPA and the common-law bad-faith tort apply "only to persons or entities engaged in the business of insurance"). The Act defines "person" to include "an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." KRS 304.1-020. An insurer is separately defined as "every person engaged as principal and as indemnitor, surety, or contractor in the business of entering into contracts of

6

insurance." KRS 304.1-040. *Davidson* observed that a UCSPA claim hinges on the insurer's underlying contractual obligation to pay and that, "[a]bsent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Davidson*, 25 S.W.3d at 100. The opinion concluded by "hold[ing] that the UCSPA and the tort of 'bad faith' apply only to those persons or entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance.'" *Id.* at 102 (quoting KRS 304.1-040).

Federal courts in Kentucky have generally interpreted *Davidson* to mean that no UCSPA claim may lie against claims representatives, who are not themselves insurers and have no contractual obligation to pay. *See Couch v. Ind. Ins. Co.*, No. 13-82-GFVT, 2014 WL 12648455, at *4 (E.D. Ky. Mar. 13, 2014) (dismissing claim against adjuster); *Neace v. Safe Auto Ins. Co.*, No. 5:08–143–JMH, 2008 WL 2152002, at *2–3 (E.D. Ky. May 21, 2008) (same); *Lisk v. Larocque*, No. 3:07-CV-718-S, 2008 WL 2116466, at *2 (W.D. Ky. May 19, 2008) (same); *Malone v. Cook*, No. Civ.A. 05–511–C, 2005 WL 2758091, at *1 (W.D. Ky. Oct. 25, 2005) (same); *cf. Ring's Crossroads Mkt. Inc. v. Cincinnati Indem. Co.*, No. 1:14-cv-00105-DJH, 2015 WL 4624252, at *3 (W.D. Ky. Aug. 3, 2015) (analyzing fraudulent joinder and finding no colorable basis for such a claim); *Brown v. A.I.N., Inc.*, No. 3:08-CV-30-H, 2008 WL 819072, at *3 (W.D. Ky. Mar. 25, 2008) (same). *But see Howard v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:19-cv-0016-GFVT, 2019 WL 1951443, at *4 (E.D. Ky. May 2, 2019) (resolving ambiguity in UCSPA law in favor of non-removing party and remanding); *Gibson v. Am. Mining Ins. Co.*, No. 08–118–ART, 2008 WL 4602747, at *9 (E.D. Ky. Oct. 16, 2008) (same); *N. Am. Specialty Ins. Co. v. Pucek*, No. 5:09cv49–JMH, 2009 WL 3711261, at *3 (Nov. 4, 2009) (same). All seem to agree that a bad-faith claim requires an underlying contractual obligation, but some discern the potential for adjuster bad-faith liability even if adjusters themselves are not privy to the contract. *See Couch*,

7

2014 WL 12648455, at *1–4 (discussing divergent interpretations of *Davidson*); *Gibson*, 2008 WL 4602747, at *4–9 (same). No Kentucky authority has squarely answered the question since *Davidson*.

Here, pleading deficiencies doom Little's claims, but the Court harbors additional doubts about the bad-faith theory inculpating Butler. Federal courts in Kentucky—interpreting Kentucky law—appear to have unanimously rejected such claims at the dismissal stage, though some have remanded for fraudulent joinder (under the less demanding "colorable basis" standard). Even assuming that such a claim is viable, Little has not alleged or supported that Butler was "engaged . . . in the business of entering into contracts of insurance." *See* DE 1-1 ¶ 3; KRS 304.1-040. The most liberal reading of *Davidson* requires at least this showing for a viable claim; the complaint here too falls short.

### VI. CONCLUSION

Accordingly, the Court **GRANTS** DE 16 and will enter a separate Judgment.

This the 28th day of May, 2020.

Signed By:
*Robert E. Wier* REW
United States District Judge